### St Louis Life Insurance Co. *v.* Martha King.

**Life Insurance—Representations to Procure Insurance.**

> The burden is on an insurance company, when it charges the insured with having made false representations to induce the company to insure his life, to prove the falsity of such representations, and while representations so made are warranties they will not be extended by implication to cover a state of case not clearly within the purview of the question asked.

#### APPEAL FROM LOUISVILLE CHANCERY COURT.

September 27, 1876.

OPINION BY JUDGE LINDSAY:

In answer to question No. 2, the deceased stated that he had four brothers and sisters. The appellant insists that this answer was false, because he also had a number of half-brothers and sisters. Whether the answer be regarded as a warranty or representation, the onus is upon the insurance company to show that it was false. If it were a warranty, then it must be shown that it was literally untrue. The warranty in a contract of insurance will not be extended by implication to cover a state of case not clearly within the purview of the question asked.

If the applicant has consulted the standard lexicographers to ascertain the meaning of the words "brothers and sisters" in order to enable himself to give an exact answer, and to make the precise warranty demanded by the company, he would have found that the question embraced primarily only the kindred born to his parents, and not those born to his father by a second wife. Viewed as a warranty, it is therefore clear that the answer was not false.

If it be a representation then the answer is substantially true, and it is as full and complete as the agent of the company, with full knowledge of all the facts advised him, was necessarily required to make it. He had no right to consent that the agent should insert a false answer in the application, but when the answer inserted is literally true, and when his good faith is called in question because it is not as full as it might have been made, then it is competent to

show that he accepted the construction placed upon the question by the company's agent, having first stated to him all the facts, direct and collateral. The agent may not have the right to waive full and specific answers to the questions asked, but his acts and advice may be proved to rebut the imputation of deceit or bad faith upon the part of the applicant.

By question 21, the deceased was asked: "Have either of the party's parents, uncles or aunts, brothers or sisters, ever had pulmonary, scrofulous, or any other constitutional disease hereditary in its character? If so what was it?" The answer was, "None that is known."

The proof shows that Dr. Mat. King, a brother of the insured, had disease of the heart prior to the late civil war; that during the war he contracted a disease of the lungs, and finally died of a complication of the two diseases, his physician being of opinion that his death was in the main the result of the affection of the heart. It is to be observed that the question does not specifically refer to disease of the heart, as it does to pulmonary and scrofulous diseases. Whether disease of the heart is in general constitutional or hereditary, or whether, in the case of Dr. King, it was either or both, is not in proof; and there is nothing in the record tending to show that the applicant had any acquaintance with the nature of said disease. Nor does the proof show that he ever knew at all that Dr. King labored at any time under a pulmonary affection.

Therefore the company fails to show that the answer, "None that is known," was false in fact or in spirit.

It is further urged that the answer to question 20, that Dr. King died from "exposure in the army," was false and misleading. The company's officers knew that there was no disease known and designated as "exposure in the army." They knew that the applicant meant by his answer to say that the affection immediately producing the death of Dr. King was the result of exposure in the army, and in this conclusion the applicant is to some extent, at least, sustained by the appellant's witness, Dr. Frazier. If the company desired to be informed as to the specific disease or diseases producing the death of Dr. King, they should have declined to accept the application, until the answer was made more specific and full.

By acting upon an application, which in this particular stated the moving cause of the disease, and not the disease itself, the company avoided a specific answer to the question, and to escape liability

on this ground it is necessary that they shall prove that exposure in the army was not the remote cause of the death in question.

As the proof fails to show that any of the answers made the basis of the contract of insurance were false in fact or in spirit, it is not necessary that we shall consider the questions of law presented in the argument.

The judgment of the chancellor is *affirmed*.

*Barrett & Brown, for appellant.*

*Walter Evans, Petree & Littell, for appellee.*